FILED

OCT 4 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ABEL BARDALES,

          Petitioner - Appellant,

   v.

NANCY HOWTON,

          Respondent - Appellee.

No. 10-35965

D.C. No. 6:07-cv-06358-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Oregon state prisoner Jose Abel Bardales appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

Bardales contends that the state court's decision to admit at trial statements

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

he made to a police officer violated his Fifth and Fourteenth Amendment rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). The state court's decision was not based on an unreasonable determination of the facts and was neither contrary to, nor an unreasonable application of, clearly established law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam) (no *Miranda* warning necessary because defendant was not in custody or otherwise deprived of his freedom of action in any significant way) (internal quotation marks omitted).

Bardales also contends that his sentence violates the Eighth Amendment because it is grossly disproportionate to the severity of his crime. The state court's determination that the sentence did not violate the Eighth Amendment was neither contrary to, nor an unreasonable application of, clearly established law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (noting that the only "clearly established law" in Eighth Amendment cases is the gross disproportionality principle, which is applicable only in "exceedingly rare" and "extreme" cases).

**AFFIRMED.**